UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JENNIFER PHILLIPS,

      Petitioner,

v.                                                                                CIVIL ACTION NO. 5:25-cv-483

BECKLEY POLICE DEPARTMENT and
OFFICER GREGORY and
OFFICER ATTERSON and
OFFICER MURRAY and
OFFICER BIRCHFIELD and
OFFICER CHRISTIAN,
*in their individual and official capacities.*

      Respondents.

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Jennifer Phillips' Application to Proceed in District Court Without Prepaying Fees or Costs [ECF 1], filed August 4, 2025.

**I.**

On July 31, 2023, "while . . . a tenant at a Beckley Housing Authority location," Ms. Phillips' minor "daughter was intentionally harmed by a Caucasian preteen girl." [ECF 2 at 1]. Intending to speak with the child's mother, Ms. Phillips visited the child's home and was met with "racial slurs, inciting violence, and . . . a gun [pointed at her] from inside the window." [*Id.*]. An unknown party called the Beckley Police Department. [*Id.*]. Officers Gregory and Atterson arrived and obtained witness statements. [*Id.*]. They were later joined by Officers Murray, Birchfield, and Christian. [*Id.*]. The officers informed Ms. Phillips she "could not press charges," "the District Attorney would not pick up the incident," and "there was 'nothing they could do.'"

[*Id.*]. Thereafter, the police report, which "falsely listed [Ms. Phillips] as the suspect and excluded" hers and other witness statements, was submitted to the Beckley Housing Authority. [*Id.* at 2]. Ms. Phillips requested the report to be amended, but her "request was ignored or delayed." [*Id.*].

On August 20, 2023, while a guest at Travelodge hotel, Ms. Phillips had a misunderstanding with the manager. She was "asked to leave and did so peacefully." [*Id.*]. Nevertheless, she was "pursued and detained by multiple Beckley police officers," one of the officers referred to her as "'a criminal,'" she was forced to identify herself, and was "forced to sign a trespass notice under threat of arrest, despite no crime being committed." [*Id.*].

On July 30, 2024, during a visit from Ms. Phillips' sister, her "Caucasian neighbor, appearing intoxicated, backed into [her sister's] vehicle" with Ms. Phillips' son and nephew inside. [*Id.*]. When Officer Murray responded to the scene, he took statements, but his report "omitted the names of the children inside the vehicle, complicating the insurance process." [*Id.*]. Then, "Officer Murray delayed correcting the report [even] after several requests." [*Id.*].

Ms. Phillips maintains "Officer Murray has repeatedly misrepresented facts, failed to properly document key witness statements, and has supported actions that enabled racial harassment and public endangerment." [*Id.* at 2]. After attempting to file an internal affairs complaint, Ms. Phillips "was told by a ranking officer that 'it wouldn't matter' because 'they don't go far.'" [*Id.*].

Ms. Phillips instituted this action on August 4, 2025, alleging that the Beckley Police Department, along with five officers acting in their individual and official capacities, violated her constitutional rights. [*See* ECF 2]. Ms. Phillips alleges the following violations of her constitutional rights: Fourteenth Amendment right of "Equal Protection," Fourth Amendment right of "Unlawful Seizure/Detention," "Retaliation for Exercising Rights and Reporting Misconduct,"

"Negligent or Intentional Misrepresentation in Official Reports"; and "Failure to Intervene/Supervisory Liability." [*See id.* at 2].

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on August 15, 2025. [ECF 5]. Magistrate Judge Aboulhosn recommended that the Court deny Ms. Phillips' Application to Proceed without Prepayment of Fees or Costs, dismiss Ms. Phillips' Complaint, and remove this matter from the Court's docket inasmuch as it fails to state a claim upon which relief can be granted. [*See* ECF 4]. Objections in this case were due on September 1, 2025. Ms. Phillips filed untimely objections on September 8, 2025. [*See* ECF 5].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."). "Importantly, objections need not be novel to be sufficiently specific." *Elijah v.*

3

*Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460.

### III.

**A.   Governing Standard**

Under the provisions of 28 U.S.C. § 1915(e)(2), when an individual seeks to prosecute a complaint *in forma pauperis*, the Court must screen the pleading and dismiss it, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

Ms. Phillips is proceeding *pro se*, and the Court must construe her filings in a less stringent manner than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that

they suggest.'" *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (internal quotation marks and citation omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**B.    *Objections to PF&R***

After a thorough review, Magistrate Judge Aboulhosn concluded (1) Ms. Phillips "failed to allege any facts whatsoever that Defendant Officers Gregory, Atterson, Birchfield, or Christian violated [Ms. Phillips'] constitutional rights . . . to sustain Section 1983 liability" and (2) Ms. Phillips failed to sufficiently plead a violation of an official policy or custom against the named officers or Beckley Police Department inasmuch as her claim is based upon her conclusory argument that "her futile attempt to file a complaint with the Beckley Police Internal Affairs 'reflects a pattern of failure to address misconduct internally.'" [ECF 4 at 6–7]. Magistrate Judge Aboulhosn further concluded Ms. Phillips' claims alleged to have occurred on or about July 31, 2023, and August 2, 2023, were time-barred inasmuch as the instant suit was filed on August 4, 2025, more than two years after the events occurred. [*Id.* at 7 n.3]. Nevertheless, Magistrate Judge Aboulhosn concluded Ms. Phillips failed to state a claim of defamation against Officer Murray inasmuch as she failed to explain how her constitutional rights were violated. [*Id.* at 8]. Even assuming her claim was premised upon harm to her character, reputational harm "does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law." [*Id.* (quoting *Paul v. Davis*, 424 U.S. 693, 712 (1976)]. Finally, Magistrate Judge Aboulhosn concluded Ms. Phillips alleged "no discriminatory animus against any of the Defendants," so Ms. Phillips' Complaint failed to state a claim for a violation of the Fair Housing Act ("FHA"). [*Id.* at 8].

### 1. Objection to Dismissal of § 1983 Claims

Ms. Phillips objects to the dismissal of her 42 U.S.C. § 1983, asserting the "specific actions by Defendant Officers," including "being pursued, detained, and forced to sign a trespass

notice" and "Officer Murray's falsified reports affecting interactions with the Beckley Housing Authority," are "multiple incidents . . . [capable of supporting her] claim of custom or policy." [ECF 5 at 1–2].

"'[N]either a State nor its officials acting in their official capacities are "persons" under § 1983'" when sued for monetary relief. *deWet v. Rollyson*, 733 F. Supp. 3d 519, 528 (S.D. W. Va. 2024), *aff'd*, 157 F.4th 344 (4th Cir. 2025) (quoting *Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 258 (4th Cir. 2022)); *see also Fauconier v. Clarke*, 966 F.3d 265, 279–80 (4th Cir. 2020) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Nevertheless, a municipality may be liable under § 1983 based upon unconstitutional policies or customs. *See Bd. of County Commis of Bryan County v. Brown*, 520 U.S. 397, 411 (1997) ("A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."); *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994) (same); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) ("[M]unicipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered.") (internal quotations omitted).

Ms. Phillips' objection is without merit inasmuch as the alleged conduct cannot support § 1983 liability either against the Beckley Police Department -- assuming it is a suable entity -- or the individual officer defendants. *See Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999) (requiring plaintiffs to "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights"); *see also Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Far from alleging the existence of an official policy or custom, Ms. Phillips has not specified any actions by

Officers Gregory, Atterson, Birchfield, or Christian representing a deprivation of Ms. Phillips' constitutional rights. Ms. Phillips indeed alleged an instance where an unnamed police officer "forced [her] to sign a trespass notice under threat of arrest," but she has alleged no facts respecting how the instance amounted to a constitutional violation. [ECF 2 at 2]. This could conceivably give rise to a Fourteenth Amendment claim, but the lack of supporting factual allegations impairs a plausibility finding.

Ms. Phillips' two interactions with Officer Murray, on July 31, 2023, and July 30, 2024, respectively, where he allegedly ignored her request to amend his police report or delayed amending his report per her request and "omitted the names of the children inside the vehicle" likewise do not amount to a constitutional violation or prove the existence of an official policy or custom fairly attributable to the Beckley Police Department. [*Id.* at 1–2]. Finally, Ms. Phillips' assertion that the Beckley Police Department has "a pattern of failure to address misconduct" based upon a single instance wherein she alleges she attempted to file an internal affairs complaint, but was discouraged by "a ranking officer," does not amount to a policy or custom inasmuch as "[a] single act . . . cannot suffice . . . to establish the existence of [an unconstitutional] policy [or custom]." *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 875 (4th Cir. 1989). In addition to the foregoing, Ms. Phillips likewise failed to plead any facts indicating that the allegedly unconstitutional policy or custom caused the deprivation of her rights. Accordingly, the Court **OVERRULES** the objection.

### 2. Objection to Defamation Claim Dismissal

Ms. Phillips objects to the dismissal of her defamation claim, given her allegation Officer Murray engaged in "false reporting directly harm[ing] her federally protected housing and familial interests, [which linked] the conduct to constitutional deprivations." [ECF 2 at 2–3].

"[T]he Supreme Court has required plaintiffs in cases involving allegedly defamatory statements by the government to show more than reputational injury in order to prevail on a constitutional claim." *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314–15 (4th Cir. 2012). "'Injury to reputation by itself is not a 'liberty' interest protected under the Due Process Clause.'" *Id.* (quoting *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)) (cleaned up).

In *Paul v. Davis*, a private employee was reprimanded by a supervisor after his mugshot was included on a flyer that was provided to businesses by the local police department. *See Paul*, 424 U.S. at 712. The Supreme Court dismissed the employee's § 1983 suit after determining that he could not establish a deprivation of a liberty or property interest protected by the Fourteenth Amendment based upon his mere reputational injury. *Id.* However, the Supreme Court indicated that loss of government employment could "distinctly alter[ ] or extinguish[ ]" the employee's legal status, sufficient to support such a claim. *Id.* at 705 (noting an "effect on the legal status of . . . a person" includes the "loss of government employment"); *see also Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 315 (4th Cir. 2012) (citing *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 309 (4th Cir. 2006) (recognizing a loss of government employment accompanied by a public employer's stigmatizing remarks constitutes a deprivation of a liberty interest)).

Again, Ms. Phillips' failure to recite plausible, supporting allegations makes it difficult to arrive at an outcome favorable to her. Though Officer Murray's report may have inflicted stigma on Ms. Phillips' reputation, which may have ultimately resulted in her experiencing hardship in obtaining housing, the harm nevertheless does not amount to a constitutional violation. *See Shirvinski*, 673 F.3d at 314 (concluding that a government subcontractor who was removed from a contract as the result of an allegedly defamatory statement

could not establish a procedural due process claim); *see also Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) ("[A]ction which inflicts a stigma on the reputation of a plaintiff causing that plaintiff hardship in obtaining employment is harm to reputation that does not rise to the level of a constitutional deprivation."). Accordingly, the Court **OVERRULES** the objection.

### 3. Objection to Fair Housing Act Claim Dismissal

Ms. Phillips objects to the dismissal of her FHA claim inasmuch as she alleged instances of discriminatory animus by her neighbors, which went unaddressed by the Beckley Police Department. [ECF 5 at 3]. Additionally, Ms. Phillips further objects because she urges "the pattern of inaction alleged" by the Beckley Police Department "and the effects on the Beckley Housing Authority's treatment [of her] support a claim of discrimination in housing under 42 U.S.C. § 3601." [*Id.*].

The FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed," rights protected by the FHA. 42 U.S.C. § 3617. "A plaintiff may establish a violation of the FHA either through direct evidence of discrimination, circumstantial evidence, or the *McDonnell Douglas* burden-shifting framework." *Harris v. Vanderburg*, 584 F. Supp. 3d 82, 91 (E.D.N.C. 2022) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)). To state a claim for retaliation under 42 U.S.C. § 3617 of the FHA, courts draw from Title VII jurisprudence. *See Connolly v. Lanham*, 685 F. Supp. 3d 312, 329 (D. Md. 2023); *see also Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 98 (4th Cir. 2016) (citing *Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 987 (4th Cir. 1984)) (noting "FHA jurisprudence is drawn from cases interpreting Title VII"). "[T]o prove a retaliation claim under § 3617, a plaintiff must establish that (1) he or she was engaged in protected activity; (2) the defendant was aware of that activity; (3) the defendant took adverse

action against the plaintiff; and (4) a causal connection existed between the protected activity and the asserted adverse action." *Id.* "[P]roximate cause under the FHA requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Bank of Am. Corp. v. City of Miami, Fla.*, 581 U.S. 189, 201 (2017) (quoting *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258, 268 (1992)); *see also Prince George's Cnty., Maryland v. Wells Fargo & Co.*, 397 F. Supp. 3d 752, 757 (D. Md. 2019). That is, "whether the harm alleged has a sufficiently close connection to the conduct the statute prohibits." *Bank of Am. Corp.*, 581 U.S. at 201.

Even assuming Ms. Phillips can satisfy the remaining requirements to prove a FHA retaliation claim, she has failed to sufficiently allege a causal connection between her alleged protected activity and the asserted adverse action inasmuch as there is no apparent direct relation between her stated housing instability and her neighbor's discriminatory comments, the inaction of the Beckley Police Department in responding to the neighbor's conduct, or in Officer Murray's alleged delays in amending his reports. Accordingly, the Court **OVERRULES** the objection.

### 4. Objection to Time Bar Arguments

Finally, Ms. Phillips objects to the dismissal of her claims as being time barred because (1) the August 20, 2023, incident is not barred by the two-year limitations period and (2) her ongoing housing instability resulting from the July 31, 2023, and August 2, 2023, events is an "ongoing consequence . . . which may toll the statute of limitations under principles of continuing harm." [ECF 5 at 2].

Magistrate Judge Aboulhosn noted "as an additional matter" in a footnote that the claims premised upon the July 31, 2023, and August 2, 2023, incidents are time barred because Ms. Phillips "did not file this suit prior to August 2, 2025." [ECF 4 at 7 n.3]. However, Magistrate

Judge Aboulhosn considered, in the alternative, whether the incidents supported Ms. Phillips' claims. The Court has also considered anew whether the two incidents supported Ms. Phillips' claims. They do not. Accordingly, the Court **OVERRULES** the objection as moot.

C.  *Proposed Amendment to Complaint*

Ms. Phillips requests the ability to amend her Complaint, and states that she "provides additional witness names and details" in support of her claims. [*See* ECF 5at 4]. However, the section titled "Proposed Amendment to Complaint" contains only restated information from her Complaint or from her objections. Accordingly, although the Court **GRANTS** the letter-form motion appended to her objections and considers her proposed amendment, it does not impact the Court's conclusions.

IV.

Accordingly, the Court **OVERRULES** Ms. Phillips' objections, [**ECF 5**], **ADOPTS** the PF&R [**ECF 4**], **GRANTS** the requested amendment, [**ECF 5**], **DENIES** her Application to Proceed without Prepayment of Fees or Costs, [**ECF 1**], **DISMISSES** the Complaint, [**ECF 2**], and **DISMISSES** the matter.

Dismissal is held in abeyance until January 30, 2026, in order to permit Ms. Phillips to file a motion to amend her complaint and a proposed amended complaint curing the aforementioned deficiencies in her pleadings to date. The failure to timely avail herself of this opportunity will result in dismissal and the entry of judgment.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: January 15, 2026

Frank W. Volk
Chief United States District Judge

11